AMERICAN BALLAST LOG CO. OF NEW YORK *v.* BARNES & GATTO.

*(Circuit Court, D. Maryland.* December 3, 1881.)

**1. LETTERS PATENT—FLOATING BALLAST FOR VESSELS IN PORT.**

Letters patent No. 126,938, issued May 21, 1872, to Demartini & Chertizza, for improved method of ballasting vessels in port by means of floating logs, to be attached to each side of the vessel, *held*, not infringed by the use of the device for which letters patent No. 232,425 were issued September 21, 1880, to Barnes & Gatto, consisting of a pontoon with two compartments affixed to one side of the vessel only.

In Equity.

*Sebastian Brown* and *I. Nevitte Steele,* for complainant.

*W. Pinkney Whyte* and *John H. Barnes,* for defendants.

Before BOND and MORRIS, JJ.

BY THE COURT. This bill of complaint is filed for an alleged infringement of patent No. 126,938, granted May 21, 1872, to Demartini & Chertizza, for improvement in methods of ballasting vessels in port, which has been assigned to the complainant. The patentees' specifications state that—

"Under the [then] present practice, when a vessel arrives in port and discharges her cargo, ballast must be immediately taken in to prevent careening and consequent injury to herself and other craft, as well as to facilitate repairs and other operations incident to preparation for a new voyage. To avoid the loss of time and expense attending this course, we employ ballast logs, connected with the vessel by ropes or chains, that lie along-side thereof, and yet float in the water, as hereinafter described."

The specification then describes the logs as simple pieces of timber, or several smaller sticks bolted to each other, made proportioned to the size and weight of the vessel, and, if necessary, weighted with lead or iron.

"The logs are in all cases designed to float or be self-sustaining in the water, and thus made capable of being towed from place to place or vessel to vessel. They are attached to a vessel by ropes or chains, fastened to the logs and passing over the deck, or around any suitable part of the frame-work, or otherwise secured, as found practicable or convenient. The logs are not intended to hold the vessel down in the water, but merely to act as counter or balance weights when she attempts to keel over from any cause, either when being towed or lying along-side a wharf; and it is evident the chains on one side will be taut only when those on the other are slack, and *vice versa,*—the tendency being to raise the log upon the rising side out of the water. The weight of the log will always prevent this being done, and consequently the vessel will be held in an upright position."

The claim is "the method of ballasting vessels by means of floating logs, of suitable size, weight, and construction, attached to said vessels by ropes and chains, and arranged along-side thereof, substantially as specified." The device described in this patent has been introduced by the complainant into very general use in the ports of Boston, New York, Philadelphia, and Baltimore, among vessels requiring ballast to keep them upright in port when empty, and particularly among grain-vessels, which are required to be completely emptied and ceiled before receiving cargo. The defendants, in their answer, deny that the device used by them is an infringement, and also charge that the complainant's patent is invalid by reason of long prior knowledge and public use. The device used by the defendants is one for which a patent has been granted to them, No. 232,425, dated September 21, 1880, for harbor ballast for ships. It is also to be attached to the outside of the ship, but on one side only. It consists of a floating water-tight box or pontoon, divided into a lower and an upper compartment. The lower compartment is filled with water, and the upper one is air-tight and empty. It is attached to one side of the ship by means of chains or ropes,—one fastened to the ship's deck, and the other carried under her keel and up the other side. If the ship careens away from the side on which it is attached, the weight of the box and of the water contained in the lower compartment pulls the ship back to an upright position. If the ship careens towards the side on which it is attached, the buoyant power of the empty air-tight compartment is sufficient to check the tendency of the ship to overturn towards that side.

The conclusion to which we have arrived is that there is no infringement. The device of the complainant is a combination of two counter-balance weights. That the weights float in the water is only an incident of their usefulness, and has nothing to do with the essential principle of their action. As stated in the specifications of the patent, it is only the resistance of the weight of the log when the vessel, in keeling over, attempts to lift it from the water which produces the result intended. It is the two counter-balancing weights which the inventor relied upon, and one without the other would be useless.

The defendants' device makes use of but one weight, and the counter-balance is produced by the buoyant power of the air-tight chamber of the pontoon. This is made efficient by having the pontoon, not loosely floating by the side of the ship, as is the case with the ballast logs, but so secured to the ship that it cannot remain floating

in the water when the ship careens towards it, but is carried down and submerged until its buoyant power checks the ship and returns her to an upright position. This, it seems to us, is a different invention from that described and claimed in complainant's patent. It may have been the result of a study of the complainants' device, stimulated by its success, but the defendants have rejected one of the essential elements of complainant's combination, and substituted in its place a new mode of accomplishing the same object, which, in our judgment, is not a mechanical equivalent, and is not similar in principle or operation. The buoyancy of the air chamber on one side of the ship does not perform the same function as was performed by the weight which is dispensed with on the other side. The function of the weight was to drag down the side of the ship by which it was being lifted from the water. The function of the air chamber is to resist the tendency of the ship in careening to bury it under the water. The quality of buoyancy is not called into action at all in complainant's device. It is useful to that device only so far as it renders the logs easy of transportation to the ship, and so far as it renders the logs inactive when the vessel is in an upright position. Its use in any other way, or for any other purpose, is not suggested in complainant's specifications or claim.

Complainant's patent cannot be construed to cover all methods by which vessels may be kept upright in port by means of contrivances fastened on the outside and floating in the water, but only such as are substantially identical with the device described in the patent, in construction, form, and principle of operation. *Case* v. *Brown*, 2 Wall. 320.

Being clearly of opinion that the charge of infringement is not sustained, and that there can be no decree in favor of the complainant, it is not necessary for us to consider the defence of want of novelty set up by the answer.

Bill dismissed.